IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HENRY LEONEL BARRERA AYALA,

    Petitioner,

v.                                                                                          Civil Action No. **3:22CV28**

**CAROLINE DETENTION FACILITY,** *et al.*,

    Respondents.

### MEMORANDUM OPINION

Petitioner, a federal immigration detainee proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1).[1] In his § 2241 Petition, Petitioner requests, in sum:

> I have submitted my first appeal and I'm waiting on the answer. I request that the court grant me permission to fight my case under supervised release so that I can emotionally [help] my mother since my grandfather recently passed away, my daughter is waiting for me outside to be with her dad. I humbly ask this court to allow me to be there for my family, thank you.

(*Id.* at 8.)

By Memorandum Order entered on June 8, 2022, the Court explained as follows:

> Under 28 U.S.C. § 2241, federal courts are authorized to hear cases in which an alien claims that he or she is being detained in violation of the United States Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner does not argue that his detention is unlawful in any manner, he just asks this Court to release him.[2] Petitioner fails to provide any authority demonstrating that this Court can provide the relief he requests.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in Petitioner's submissions.

[2] It is not clear from Petitioner's submissions whether his final removal order has been entered or whether appellate review has concluded. "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). The "removal period" is the 90-day period of time that follows the entry of a final order of removal. *Id.* § 1231(a)(1)(A). Usually, if an "alien does not leave or is not removed within the

(ECF No. 4, at 1–2.) Accordingly, the Court directed that, within fourteen (14) days of the date of entry thereof, Petitioner must show cause as to why this Court has the authority to order his release on supervision.

More than fourteen (14) days have elapsed since the entry of the June 8, 2022 Memorandum Order, and Petitioner has not responded. Accordingly, pursuant to federal Rule of Civil Procedure 41(b),[3] the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: 8-15-2022
Richmond, Virginia

---

removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." *Id.* § 1231(a)(3). Detention may continue, however, "beyond the removal period" for "[i]nadmissible or criminal aliens." *Id.* § 1231(a)(6).
   This statute and the Constitution do not permit indefinite detention. Section 1231(a)(6), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court has recognized a period of six months of detention as presumptively reasonable under § 1231(a)(6). *Id.* at 701.

[3] This Rule allows for dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).

2